IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R AND C OILFIELD SERVICES, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICAN WIND TRANSPORT GROUP, LLC,<br><br>*Defendant.* | Civil Action No. 2:19-cv-1201<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

On March 20, 2020, the Court granted Defendant, American Wind Transport Group, LLC's ("American Wind"), Motion to Compel Arbitration and stayed the case pending arbitration. (ECF No. 19); *R & C Oilfield Serv.'s, LLC v. Am. Wind Trans. Grp., LLC*, 447 F. Supp. 3d 339 (W.D. Pa. 2020). In doing so, the Court rejected Plaintiff, R and C Oilfield Services, LLC's ("R and C"), contention that arbitration was precluded under the Federal Arbitration Act ("FAA") as interpreted by the Supreme Court's decision in *New Prime Inc. v. Oliveira*, 586 U.S. ---, 139 S. Ct. 532 (2019). The Court examined the *New Prime* decision and found that it was readily distinguishable. The Court, likewise, held that the claims did not fall into any exception to arbitrability under the FAA. R and C moved for reconsideration, arguing that the Court erred in its construction of *New Prime* and the relevant provisions of the FAA. The Court denied the Motion on April 20, 2020. (ECF No. 22).

Now, seventeen months after the Court granted the Motion to Compel Arbitration, R and C has still not initiated arbitration proceedings. In a May 19, 2021, Joint Status Report, ordered by the Court, the parties jointly represented that "Plaintiff has not commenced an arbitration, and

1

does not plan to do so." (ECF No. 24, ¶ 5). American Wind filed a Motion to Dismiss, citing R and C's failure to initiate arbitration as a basis for dismissal under Federal Rule of Civil Procedure 41(b). (ECF No. 26). R and C's Response does not address the substance of the Motion to Dismiss, but rather, uses its submission as a second request for reconsideration—rehashing the same issues and arguments that it had already unsuccessfully presented. R and C confirms that "Plaintiff has not commenced a private arbitration action ***and does not intend to do so***. (ECF No. 29, p. 3) (emphasis added).

Rule 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The United States Court of Appeals for the Third Circuit has adopted six factors that district courts must consider in determining whether dismissal under Rule 41 is warranted:

(1) The extent of the party's personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party or the attorney was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "None of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

American Wind does not explore the *Poulis* factors. Rather, it argues that it is not necessary to do so because R and C steadfastly refuses to proceed. The Court, nevertheless, will consider them in determining whether dismissal is appropriate. The first, third and fourth factors are clearly met in this case because of R and C's refusal to proceed. This position has remained unchanged for seventeen months, it is clearly and by R and C's own representation willful, and R and C alone is responsible for its refusal. These factors weigh overwhelmingly in favor of dismissal—especially since R and C has represented to the Court that it has no intention of moving forward with the arbitration. The second factor is not applicable to this case in that there have been no scheduling orders and discovery has not commenced—thanks to R and C's willful refusal to proceed. As to the fifth factor—the availability and effectiveness of alternative sanctions—the Court has few, if any, in its arsenal due to the procedural posture of the case. A contempt order, for example, would not be appropriate because it is not the Court's job to force a litigant to proceed with its claims. Nor is R and C in contempt of the Court's March 20, 2020 Order. The Court held that arbitration was the appropriate forum for the parties' dispute but did not otherwise hold that R and C must proceed in any specific manner, if at all. Dismissal, however, is an adequate and effective sanction to address a party's absolute refusal to proceed. Finally, the Court has not addressed (now or in the Motion to Compel arbitration) the merits of R and C's claims. The forum to pursue those claims was the question before the Court and, now, the question is what to do when R and C has refused to pursue them in the appropriate forum. The sixth factor is, therefore, not implicated in this case. An examination of the six *Poulis* factors, as a whole, weighs strongly in favor of dismissal.

A number of other courts have similarly found that a party's failure to commence arbitration proceedings may result in dismissal for failure to prosecute. *See Windward Agency,*

3

*Inc. v. Cologne Life Reinsurance Co.*, 353 F. Supp. 2d 538, 540–43 (E.D. Pa. 2003) (case dismissed after application of the *Poulis* factors for failure of plaintiff to appoint arbitrator and begin arbitration proceedings), *aff'd*, 123 F. App'x 481 (3d. Cir. 2005); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (2005) (affirming dismissal for failure to prosecute where, after the district court granted a motion to compel arbitration, the plaintiff did not initiate proceedings for more than one year and, instead, sought reconsideration); *Renobato v. Compass Bank Corp.*, 480 F. App'x 764, 766–68 (5th Cir. 2012). In both *Windward* and *Renobato*, the respective courts dismissed for failure to prosecute despite some half-hearted and/or last-minute effort to move forward with arbitration. To that end, this case is more akin to *James* where the plaintiff responded to a motion to dismiss for failure to prosecute by asking for reconsideration on the early order compelling arbitration, arguing that she simply could not afford to pursue her claims in arbitration. In affirming the dismissal, the United States Court of Appeals for the Seventh Circuit reasoned:

> The district court concluded that the law required it to compel Ms. James to arbitrate her claims. Once it so ordered, it was incumbent upon Ms. James to abide by the district court's ruling and not to continue submitting arguments that the district court already had determined were meritless. Likewise, her failure to pursue promptly the court's reconsideration, or this court's review on interlocutory appeal, shows that the district court did not clearly abuse its discretion in dismissing Ms. James's case with prejudice.

*James*, 417 F.3d at 681.

The Court's March 20, 2020 Opinion and Order clearly and unequivocally held that the FAA requires arbitration of R and C's claims. The Court carefully considered, and rejected, R and C's arguments to the contrary. It then declined to reconsider its decision. Well over a year passed and R and C has still not initiated the arbitration proceedings and has twice represented to the Court that it has no intention of doing so. Consistent with the factors set forth in *Poulis* and

4

the similar cases cited above, the Court will not permit any further delay and the uncertainty caused by that delay. American Wind's Motion to Dismiss will be granted and this case will be dismissed with prejudice.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE